UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DAVIS,

                Plaintiff,

      -against-                        1:10-CV-0220 (LEK/DRH)

ANDREW M. CUOMO, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

On February 5, 2005, Plaintiff Robert Davis ("Plaintiff") filed the instant Complaint (Dkt. No. 1) pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that Defendants Andrew M. Cuomo ("Cuomo"), Sergeant Moon and Police Officer Rowe of the Hudson Police Department, as well as the Hudson Police Department itself, violated Plaintiff's constitutional right to be free from false arrest and imprisonment. Presently before the Court is a Motion to dismiss (Dkt. No. 8) filed on behalf of Defendant Cuomo.

**I.     BACKGROUND**

Plaintiff, a *pro se* litigant, claims that on June 11, 2008, he was illegally arrested and, as a result, was wrongfully imprisoned for eight months. Specifically, the Plaintiff's Complaint alleges,

> On June 11, 2008, through the employees of Attorney General (of the State of New York) Andrew Cuomo, I Robert Davis was illegally arrested by Sergeant Moon, Officer Rowe and another officer whose name is unknown. Nevertheless, all officers are Law enforcement (officers) agents of the Hudson police department. As a result, I was held and unlawfully imprisoned for (8) eight months at the Columbia County jail in Hudson, N.Y. Thus, after realizing the illegalities, all charges were dismissed by the judge in (Hudson Supreme Court) a court of Law, on February 6th, 2009.

Compl. ¶4. Plaintiff provides no other facts as to the arrest or imprisonment, or the role Defendant

Cuomo allegedly played in the claimed violations.

Plaintiff states his cause of action as: "On June 11, 2008 [Plaintiff was] illegally arrested and wrongfully imprisoned by the employees of Andrew M. Cuomo (Att. General), Officers (Sgt.) Moon, (Officer) Rowe, and another unknown officer." Id. ¶ 5. Plaintiff brings his action pursuant to 42 U.S.C. § 1983 and seeks compensatory and punitive damages. Id. ¶¶ 1, 7.

Defendant Cuomo has moved for this Court to dismiss the action against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. Plaintiff has not filed a response to that Motion.

## II. STANDARD OF REVIEW

In reviewing a motion seeking dismissal pursuant to Rule 12(b)(6), the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Thus, "[t]he movant's burden is very substantial, as 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer

2

possibility that a defendant has acted unlawfully." Id.  Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.  Thus, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  As to Plaintiff's well-pleaded factual allegations, the Court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### III.  DISCUSSION

Plaintiff alleges that he was illegally arrested by employees of Attorney General Cuomo. Compl. ¶ 4.  On that sole accusation, Plaintiff seeks to hold Defendant Cuomo liable under § 1983.

"Section 1983 will not support a claim based on a *respondeat superior* theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)); Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).  Rather, to receive damages in a § 1983 action, a plaintiff must show a defendant's personal involvement in an alleged constitutional violation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).  Thus, for Plaintiff to prevail in his claim against Defendant Cuomo, he must show some "tangible connection" between Cuomo and the false arrest and/or imprisonment on which his action is based. Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

In the Second Circuit, a supervisor may be "personally involved" for purposes of § 1983 if

3

that supervisor: 1) directly participated in the violation; 2) failed to remedy the violation after learning of it through a report or appeal; 3) created, or allowed to continue, a policy or custom under which the violation occurred; 4) was grossly negligent in managing subordinates who participated in the violation; or 5) exhibited deliberate indifference to the rights of others by failing to act on information that the violation was occurring.  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

In light of the above discussion, Plaintiff's claim against Defendant Cuomo must be dismissed.  Accepting Plaintiff's allegations as true and drawing all inferences in the light most favorable to him, Plaintiff has nevertheless failed to show the requisite personal involvement by Defendant Cuomo to proceed with his § 1983 action.  No allegation is made that Cuomo directly participated in the alleged violation or learned of that violation in a report or appeal.  Plaintiff does not allege that an unconstitutional custom or policy of falsely arresting and imprisoning individuals exists.  While Plaintiff alleges that the officers taking part in the unlawful arrest were employees of Defendant Cuomo, Plaintiff makes no allegations suggesting that Defendant Cuomo was grossly negligent in supervising those employees.  Finally, Plaintiff makes no allegations from which it can be inferred that Defendant Cuomo was deliberately indifferent to the constitutional rights of Plaintiff, or that he even knew that Plaintiff's constitutional rights were being violated.

While the Court affords *pro se* litigants special solicitude and construes such litigants' pleadings to raise the strongest arguments they suggest, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).  Therefore, the Court shall not assume that Plaintiff can prove facts not alleged in his Complaint.  See Assoc. Gen. Contractors of California, Inc. v. California State Council of

4

Carpenters, 459 U.S. 519, 526 (1983).  The absence of allegations suggesting the personal involvement of Defendant Cuomo in the alleged constitutional violations is fatal to Plaintiff's claims against Defendant Cuomo and requires dismissal of those claims.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED**, Defendant's Motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety as to Defendant Andrew Cuomo; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   July 20, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge