UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ROBERT DAVIS,

                Plaintiff,

   -against-                                        1:10-CV-220 (LEK/DRH)

OFFICER ROWE, *et al.*,

                Defendants.
_____

## **MEMORANDUM-DECISION AND ORDER**

Plaintiff Robert Davis ("Plaintiff") commenced this action *pro se* against Defendants on February 25, 2010, pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging unlawful arrest and imprisonment and seeking compensatory and punitive damages. Complaint (Dkt. No. 1). Presently before this Court is Defendants' Motion to dismiss (Dkt. No. 33) ("Motion"), filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 41 of the Local Rules of Practice for the United States District Court for the Northern District of New York ("Local Rules"). For the following reasons, the Court denies Defendants' Motion.

**I. BACKGROUND**

Defendants seek dismissal of this action with prejudice on the grounds that Plaintiff has failed to prosecute his case, FED. R. CIV. P. 41(b), or, alternatively, that he has failed to notify the Court of a change of address as required by Local Rules 41.2(b) and 10.1(b)(2).[1] The last communication between Plaintiff and the Court occurred on November 17, 2010, during a

---

[1] Defendants' Motion consistently cites to L.R. 10.1(c)(2) as the Rule that Plaintiff has violated; however, it appears to the Court that L.R. 10.1(b)(2) and not 10.1(c)(2) (requiring the records of hearings to be typewritten and bound) is the actual Rule upon which Defendants rest their arguments for dismissal.

Telephone Mid-Discovery Status Conference between the parties and the Honorable David R. Homer, United States Magistrate Judge, concerning Plaintiff's failure to provide discovery. See Dkt. No. 29. Following that conference, Judge Homer issued an Order directing Plaintiff to serve the initial disclosures required by FED. R. CIV. P. 26(a)(1), as well as responses to Defendants' interrogatories and document demands, by December 1, 2010. Id. Plaintiff failed to comply with that deadline and subsequently failed to appear for a second telephone conference with Defendants and Judge Homer on January 4, 2011. See Dkt. No. 30. After the January 4 conference, Judge Homer issued another Order directing Plaintiff to respond to Defendants' discovery demands by February 1, 2011. Id. In that Order, Judge Homer stated that failure to comply with this February 1 deadline could result in sanctions against Plaintiff, including dismissal of his complaint with prejudice. Id. A copy of the Order was mailed to Plaintiff's address on file with the Court, but was returned as undeliverable on January 28, 2011. Dkt. No. 32. On February 18, Defendants filed the present Motion, to which Plaintiff has not responded.

**II. DISCUSSION**

    **A. Failure to Prosecute**

Rule 41(b) of the Federal Rules grants courts discretion to dismiss an action if the plaintiff fails either to prosecute the case or to comply with any order of the court. Link v. Wabash R.R. County Indep. Sch. Dist., 370 U.S. 626, 629-30 (1962); see also Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). At the same time, a Rule 41(b) dismissal represents "a harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quotations omitted); see also Lucas, 84 F.3d at 535. Furthermore, the Second Circuit has instructed courts to accord *pro se* plaintiffs particular leniency in procedural

2

matters such as these.  Lucas, 84 F.3d at 535.

In the Second Circuit, district courts must consider five factors in determining whether to dismiss a plaintiff's case under Rule 41(b): (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays will result in dismissal; (3) the likelihood that further delay will prejudice the defendant; (4) the need to alleviate court calendar congestion balanced against the need to protect the plaintiff's right to due process; and (5) the efficacy of lesser sanctions.  Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).  No single factor is dispositive in this analysis; courts must weigh all five in determining whether dismissal is warranted under Rule 41(b).  United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).

First, in weighing the duration factor of the Rule 41(b) analysis, the Court considers both "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration."  Drake, 375 F.3d at 255.  Here the failures to prosecute lie squarely on Plaintiff's shoulders.  The Court has ordered Plaintiff to respond to Defendants' discovery requests three times over the past nine months, and Plaintiff has failed to comply with these Orders.  See Dkt. Nos. 22, 29, 30.  Such failures are the fault of the Plaintiff and no one else.

A more difficult question is whether Plaintiff's failures in this regard are of a sufficiently significant duration to warrant dismissal under Rule 41(b).  No bright-line rule dictates when precisely a plaintiff begins failing to prosecute his case for purposes of the Rule 41(b) analysis. See Feurtado v. City of N.Y., 225 F.R.D. 474, 479 (S.D.N.Y. 2004) ("There is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted.").

Here, the Court finds the duration of Plaintiff's failure at this stage of the litigation to be

3

approximately four and a half to five months. Defendants claim in their Motion that Plaintiff's failure to prosecute dates from April 12, 2010, when they served him with their Answer and discovery demands. Dkt. No. 33 at 1. However, Defendants do not cite to, nor does the Court find, anything in the case law that would support finding a ten-month failure to prosecute dating from the service of an answer, where the plaintiff has otherwise been in contact with the Court. The duration of Plaintiff's failure to prosecute at most is under five months, dating from Plaintiff's last contact with the Court during the November 17 conference. See Kearney v. City of N.Y., No. 02-CV-9741, 2003 WL 22682721, at *2 (S.D.N.Y. Nov. 6, 2003) (finding failure to prosecute where over four months had elapsed since plaintiff appeared at conference and "ha[d] not taken any steps to prosecute this action" since). While a failure to take action for that length of time may result in dismissal, see id. at *2, several months "certainly is of less duration than that typically found to warrant dismissal with prejudice." Mahadi v. Johnson Controls, Inc., No. 02-CV-1256, 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003).

Alternatively, Plaintiff's failure to prosecute is at a minimum two and a half months, dating from the last missed discovery deadline of February 1. See Dkt. No. 30. However, two or three months is typically not a duration of failure sufficient to warrant a Rule 41(b) dismissal. See Lawal v. United States, 90 Fed. Appx. 568, 570 (2d Cir. 2004) (duration of failure insufficient to warrant dismissal where plaintiff had failed to comply with magistrate judge's orders to provide court with contact information and respond to report and recommendation in less than three months); Hale v. Rao, No. 9:08-CV-612, 2009 WL 3698420, at *9 (N.D.N.Y. Nov. 3, 2009) (denying motion for Rule 41(b) dismissal where it had been less than three months since plaintiff failed to provide court with updated address); DeJesus v. LaClair, No. 9:06-CV-

4

0074, 2008 WL 4239560, at *3 (N.D.N.Y. Sept. 11, 2008) ("Generally, it appears that durations of . . . less than four months . . . are not long enough to warrant dismissal."); Graham v. Sullivan, No. 86 Civ. 0163, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999) ("Delays of two or three months . . . typically do *not* result in dismissal.") (emphasis in original); see also L.R. 41.2(a) ("In the absence of an order . . . the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

In light of Plaintiff's status as a *pro se* plaintiff who "likely lacks the professional and institutional support of a paid advocate," the Court must afford him greater leniency than it otherwise would to parties with counsel in this matter. LeSane, 239 F.3d at 210. Accordingly, it finds that Plaintiff's failures are not yet of a sufficiently significant duration to weigh in favor of dismissal with prejudice under Rule 41(b).

Turning to the second factor, Judge Homer's Order of January 4 explicitly put Plaintiff on notice that a failure to respond to Defendants' discovery requests could result in dismissal of his action with prejudice. Dkt. No. 30. That the Order was returned as undeliverable is Plaintiff's fault alone, as it is the responsibility of all parties to notify the Court of any change in address. L.R. 10.1(b)(2). The second factor therefore weighs in favor of dismissing the Plaintiff's case.

Third, the Court finds that the likelihood of prejudice to Defendants posed by Plaintiff's failure to respond to their discovery requests also weighs in favor of dismissal. "In order to defend against a claim of injuries and deprivations of civil rights, the defendants naturally would need plaintiff's testimony regarding the incidents in question and might need information from other sources . . . ." Myvett v. Rosato, No. 03 Civ. 2379, 2004 WL 1354254, at *3 (S.D.N.Y. June 16, 2004). Plaintiff's silence in the face of these requests prejudices the Defendants insofar

5

as it prevents them from ascertaining the factual basis of his Complaint against them through document discovery and a deposition. See Crawley v. Helas, No. 09-CV-44, 2010 WL 2545159, at *3 (N.D.N.Y. May 25, 2010), adopted by 2010 WL 2545152 (N.D.N.Y. June 18, 2010) (Kahn, J.); Reuben v. Ellis, No. 07 Civ. 6046, 2009 WL 2611394, at *4 (S.D.N.Y. Aug. 25, 2009). The consideration of prejudice to Defendants therefore also militates in favor of a Rule 41(b) dismissal.

Fourth, "[a]lthough the impact that cases lingering on the court's docket without any prosecution can be severe, 'there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.'" Mahadi, 2003 WL 21244545, at *4 (quoting LeSane, 239 F.3d at 210). Here, Plaintiff's right to due process outweighs the need to alleviate the court's calendar congestion. The guideline for case completion in this District is eighteen months. See N.D.N.Y. Gen. Order 25, cited in Rodriguez v. Gil, No. 9:06-CV-0403, 2009 WL 174931, at *5 (N.D.N.Y. Jan. 23, 2009) (Kahn, J.). This action, by contrast, has been on the court's docket for just over a year. See Dkt. No. 1 (filed Feb. 25, 2010). Permitting this action to remain on the docket for the time being will not burden the Court sufficiently to warrant impinging on Plaintiff's right to due process. The fourth factor in the Rule 41(b) analysis thus weighs against dismissing the case.

Finally, the Court considers that lesser sanctions than a Rule 41(b) dismissal may be imposed on the Plaintiff here. In particular, the Court considers that ordering Plaintiff to respond to the Defendant's discovery requests within thirty (30) days or otherwise face dismissal will afford Plaintiff an appropriate additional amount of time to pursue his claim without unduly

burdening either the Court or Defendants.[2]  See Miller v. Potter, No. 1:07-CV-0871, 2009 WL 499528 (N.D.N.Y. Feb. 27, 2009) (granting additional time for plaintiff to notify court of change in address rather than Rule 41(b) dismissal); Michaud v. Williams, No. 98-CV-1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (granting plaintiff an additional twenty days to contact Court with change of address because "he acts *pro se* and may not be aware of his obligations under the Local Rules").  In light of this final consideration, and weighing the other factors cited above, the Court denies the Defendant's Motion to dismiss for failure to prosecute.

### B. Failure to Notify Court of Change in Address

As an alternative ground for dismissal, Defendants cite Plaintiff's failure to notify the Court of a change of address under L.R. 10.1(b)(2).  Dkt. No. 33 at 7-9.  Indeed, Plaintiff has failed to update his address since at least January 28, when a copy of Judge Homer's January 4 Order was returned to the Court as undeliverable.[3]  See Dkt. No. 32.  Nonetheless, "the failure to provide a current address must not be considered in isolation, but rather in the context of the [Rule 41(b)] factors articulated by the Second Circuit."  Amoroso v. County of Suffolk, No. 08-CV-826, 2010 WL 2985864, at *3 n. 1 (E.D.N.Y. July 21, 2010).  Taking Plaintiff's failure to update his address into consideration with the above factors, the Court finds that dismissal of his

---

[2] The Court also notes that if Plaintiff's action is dismissed after the 30 days, he will still have another twenty-seven (27) days to re-file before the three-year statute of limitations bars his § 1983 claim.  See N.Y.C.P.L.R. 214(5) (MCKINNEY 2011) (establishing three-year statute of limitations for personal injury actions); Wilson v. Garcia, 471 U.S. 261, 268-69 (1985) (federal courts must apply state statutes of limitations for personal injury actions in computing statute of limitations for § 1983 claim); Dkt. No. 1 (alleging unlawful arrest occurred on June 11, 2008).

[3] Although a copy of this Motion has not yet been returned, the Court may infer from the previous return that it too has failed to reach Plaintiff.  See Reuben, 2009 WL 2611394, at *3.

7

action is unwarranted at this time.

It is true that the responsibility lies with Plaintiff, and Plaintiff alone, to keep the Court and Defendants appraised of an address at which he may receive mail. Dansby v. Albany County Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) ("It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.") (citing Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)). Moreover, Plaintiff was provided with a Pro Se Handbook that instructs *pro se* plaintiffs on their obligation to notify the Court of a change in address.[4] Dkt. No. 3 at 2; see also Miller, 2009 WL 499528, at *1 (citing the Pro Se Handbook as proof of "considerable effort" on the part of the District to notify *pro se* plaintiffs of their obligations).

However, only two and a half months have elapsed since the Court's Order was returned on January 28; as with the Plaintiff's failure to prosecute his claim, such a duration seems insufficient to warrant dismissal of this action with prejudice. See Hale, 2009 WL 3698420, at *9 (denying motion to dismiss where it had been less than three months since *pro se* plaintiff failed to provide Court with updated address). Considerations of due process, Plaintiff's *pro se* status, and the efficacy of lesser sanctions all lead the Court to conclude that affording him an additional thirty (30) days, during which time he must update his address with the Court or face

---

[4] Defendants state in their Motion that "[t]he Court specifically advised the plaintiff of his obligation to notify the Court of any further address change," Dkt. No. 33 at 11, but they do not cite to any part of the docket to support this, nor do any of the Court's Orders reference Plaintiff's obligation to update his address. See Dkt. Nos. 22, 29, 30. Thus the Court can only presume that Defendants refer only to the fact that the Court provided Plaintiff with the Pro Se Handbook.

8

dismissal, will best serve the interests of justice.

## III. CONCLUSION

For the foregoing reasons it is hereby,

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 33) is **DENIED**, and it is further

**ORDERED**, that Plaintiff shall update his address with the Court within **thirty (30) days** of the date of this Order or face dismissal of his Complaint; and it is further

**ORDERED**, that Plaintiff shall serve Defendants with responses to all outstanding discovery demands, including but not limited to the documents, list of witnesses, and itemization of damages required by FED. R. CIV. P. 26(a), and the signed medical authorizations requested by Defendants, within **thirty (30) days** of the date of this Order or face dismissal of his Complaint; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   April 15, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge