UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DAVIS,

                Plaintiff,

  -against-                                      1:10-CV-220 (LEK/DRH)

OFFICER ROWE, *et al.*,

                Defendants.

_____

**DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Robert Davis ("Plaintiff") commenced this action *pro se* against Defendants Rowe and Hudson Police Department ("Defendants") on February 25, 2010, pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging unlawful arrest and imprisonment and seeking compensatory and punitive damages. Dkt. No. 1 ("Complaint"). On February 18, 2011, Defendants filed their first Motion to dismiss for failure to prosecute his case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 41 of the Local Rules of Practice for the United States District Court for the Northern District of New York ("Local Rules"). Dkt. No. 33 ("February Motion"). The Court denied this Motion on April 15, 2011, while ordering Plaintiff to update his address within the next thirty days or face dismissal of his Complaint. Dkt. No. 36 ("April Order") at 9. Defendants have now filed a second Motion to dismiss the Complaint on May 24, 2011, again for failure to prosecute and for Plaintiff's failure to update his address with the Court. Dkt. No. 37 ("May Motion").

**II. BACKGROUND**

Defendants seek dismissal of this action with prejudice on the grounds that Plaintiff has

failed to prosecute his case, FED. R. CIV. P. 41(b), or, alternatively, that he has failed to notify the Court of a change of address as required by Local Rules 41.2(b) and 10.1(b)(2). See May Motion; February Motion. The last communication between Plaintiff and the Court occurred on November 17, 2010, during a Telephone Mid-Discovery Status Conference between the parties and the Honorable David R. Homer, United States Magistrate Judge, concerning Plaintiff's failure to provide discovery. See Dkt. No. 29. Since the April Order was issued, all of the filings mailed to Plaintiff's last address on record have been returned as undeliverable.[1] See Dkt. Nos. 39, 40. Nor has Plaintiff notified the Court of any change in his address in the three months that have elapsed since the April Order was issued.

## III.   DISCUSSION

### A. Failure to Prosecute

Rule 41(b) of the Federal Rules grants courts discretion to dismiss an action if the plaintiff fails either to prosecute the case or to comply with any order of the court. Link v. Wabash R.R. County Indep. Sch. Dist., 370 U.S. 626, 629-30 (1962); see also Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). At the same time, a Rule 41(b) dismissal represents "a harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quotations omitted); see also Lucas, 84 F.3d at 535. Furthermore, the Second Circuit has instructed courts to accord *pro se* plaintiffs particular leniency in procedural matters such as these. Lucas, 84 F.3d at 535.

The Court must consider five factors in determining whether to dismiss a plaintiff's case

---

[1] For a more complete summary of the background of this case prior to April 15, 2011, reference is made to the April Order. See April Order at 1-2.

under Rule 41(b): (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays will result in dismissal; (3) the likelihood that further delay will prejudice the defendant; (4) the need to alleviate court calendar congestion balanced against the need to protect the plaintiff's right to due process; and (5) the efficacy of lesser sanctions. Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). No single factor is dispositive in this analysis; courts must weigh all five in determining whether dismissal is warranted under Rule 41(b). United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).

First, in weighing the duration factor of the Rule 41(b) analysis, the Court considers both "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Id. at 255. The Court found in the April Order that although Plaintiff was responsible for the failures to prosecute, his failures were of an insufficient duration to warrant dismissal at that time. April Order at 3-5. "There is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted." See Feurtado v. City of N.Y., 225 F.R.D. 474, 479 (S.D.N.Y. 2004). In the April Order, the Court considered that Plaintiff's failure to prosecute was of a duration between two to five months, which was insufficiently long to weigh in favor of dismissal. April Order at 3-5. Three months later, Plaintiff has still failed to contact the Court or prosecute his case in any way, with the result that the failure to prosecute has persisted for five to eight months. Under both the Local Rules and previous decisions of this Court, the Court finds that this is a sufficiently lengthy duration of failure that would weigh in favor of dismissal. L.R. 41.2(a) ("In the absence of an order . . . the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of

3

prosecution."); Crawley v. Helas, No. 09-CV-44, 2010 WL 2545159, at *3 (N.D.N.Y. May 25, 2010), adopted by 2010 WL 2545152 (N.D.N.Y. June 18, 2010) (Kahn, J.) (finding duration of plaintiff's failure "substantial and no end to the inaction appears in sight" where plaintiff "failed to have any contact with opposing counsel or the Court for over five months"); see also Amoroso v. County of Suffolk, No. 08-CV-826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (finding duration of failure weighed in favor of dismissal where opposing counsel had been unable to contact plaintiff for nearly five months); Kearney v. City of N.Y., No. 02-CV-9741, 2003 WL 22682721, at *2 (S.D.N.Y. Nov. 6, 2003) (finding failure to prosecute where over four months had elapsed since plaintiff appeared at conference and plaintiff "ha[d] not taken any steps to prosecute this action" since).

      Turning to the second factor, Plaintiff now has been twice ordered to update his address with the Court or his case may face dismissal with prejudice. After Plaintiff failed to appear for a telephone conference on January 4, 2011, Judge Homer issued an Order directing Plaintiff to respond to Defendants' discovery demands by February 1, 2011. Dkt. No. 30. In that Order, Judge Homer stated that failure to comply with this February 1 deadline could result in sanctions against Plaintiff, including dismissal of his complaint with prejudice. Id. The April Order likewise ordered Plaintiff to update his address with the Court and comply with Defendants' discovery demands within thirty days or face dismissal of his Complaint. April Order at 8-9. To the extent Plaintiff never received these Orders, the fault lies solely with Plaintiff for failure to comply with the Local Rules and update his address with the Court. L.R. 10.1(b)(2); Dansby v. Albany County Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996). These orders provided Plaintiff with ample notice that he would risk dismissal of his

action if he failed to update his address with the Court. See Feurtado, 225 F.R.D. at 478 ("[B]ecause [plaintiff] has ignored two court orders requiring submission of pre-trial materials, it appears that he is prepared simply to continue to delay his submission of his portion of the pre-trial order indefinitely.").

Third, as in the April Order, the Court finds that the likelihood of prejudice to Defendants posed by Plaintiff's failure to respond to their discovery requests also weighs in favor of dismissal. April Order at 5-6 (citing Crawley, 2010 WL 2545159, at *3; Reuben v. Ellis, No. 07 Civ. 6046, 2009 WL 2611394, at *4 (S.D.N.Y. Aug. 25, 2009)). "In order to defend against a claim of injuries and deprivations of civil rights, the defendants naturally would need plaintiff's testimony regarding the incidents in question and might need information from other sources . . . ." Myvett v. Rosato, No. 03 Civ. 2379, 2004 WL 1354254, at *3 (S.D.N.Y. June 16, 2004). The facts and applicable law on this issue have not changed, and the Court reaffirms its position that the consideration of prejudice to Defendants here weighs in favor of a Rule 41(b) dismissal.

Turning to the fourth factor of the Rule 41(b) analysis, the Court concluded in the April Order that "[p]ermitting this action to remain on the docket for the time being will not burden the Court sufficiently to warrant impinging on Plaintiff's right to due process." April Order at 6. "Although the impact that cases lingering on the court's docket without any prosecution can be severe, 'there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.'" Mahadi v. Johnson Controls, Inc., No. 02-CV-1256, 2003 WL 21244545, at *4 (E.D.N.Y. Apr. 25, 2003) (quoting LeSane, 239 F.3d at 210). The guideline for case completion in this District is eighteen months. See N.D.N.Y. Gen. Order 25, cited in Rodriguez v. Gil, No. 9:06-CV-0403, 2009 WL 174931, at

*5 (N.D.N.Y. Jan. 23, 2009) (Kahn, J.). At this juncture, Plaintiff's action has been on the docket for just under seventeen months. See Dkt. No. 1 (filed Feb. 25, 2010). As his failure to prosecute has been "silent and unobtrusive rather than vexatious and burdensome," the Court finds that considerations of due process still trump judicial efficacy here, albeit to a lesser extent than before in light of Plaintiff's continued failure to have any contact with opposing counsel or the Court. LeSane, 239 F.3d at 210; see also Lawal v. United States, 90 Fed.Appx. 568, 570 (2d Cir. 2004) (affirming dismissal where the fourth factor did not "weigh[] heavily in either direction" and district court did not unduly value docket management over due process where it gave plaintiff two chances to keep action on docket).

Finally, the Court considers that no lesser sanctions than a Rule 41(b) dismissal are available here. Any further direction to Plaintiff to notify the Clerk of his address will not be effective because that order will not reach him; nor is waiting for Plaintiff to comply with his obligations likely to be fruitful, as he has failed to do so for at least five months now. See Wilson v. Perlman, No. 09:07-CV-1128, 2009 WL 1851336, at *3 (N.D.N.Y. June 26, 2009) ("This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in contacting the plaintiff"); see also Dong v. United States, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months – without notifying the Court, the Government, or the Pro Se Office of a change of address – strongly suggests that he is not diligently pursuing this claim."). Additionally, dismissal without prejudice would serve no purpose here because the applicable statute of limitations would bar Plaintiff from re-filing his claim. See N.Y.C.P.L.R. 214(5) (McKinney 2011) (establishing three-year statute of limitations for personal injury

actions); Wilson v. Garcia, 471 U.S. 261, 268-69 (1985) (federal courts must apply state statutes of limitations for personal injury actions in computing statute of limitations for § 1983 claim); Dkt. No. 1 (alleging unlawful arrest occurred on June 11, 2008). In light of this final consideration that there are no efficacious lesser sanctions here, and in light of the totality of other factors cited above, the Court grants Defendants' Motion to dismiss for failure to prosecute.

### B. Failure to Notify Court of Change in Address

Dismissal is also warranted under Local Rule 10.1(b)(2), which requires parties to notify the Court of any change in address, and Local Rule 41.2(b), which provides that a failure to comply with this requirement may result in dismissal of a case. See Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing action for plaintiff's failure to comply with Local Rule 10.1(b)(2)). In the April Order, the Court found that insufficient time had elapsed to warrant dismissal at that time for failure to provide an address change. April Order at 7-9. Given that three more months have passed with no such notification from Plaintiff, however, and in light of the other factors discussed above, the Court finds that dismissal would also be appropriate at this juncture. See Tylicki, 244 F.R.D. at 147.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 37) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:  July 26, 2011
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge